**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMEE L. WADE, | No. 14-35281 |
| Plaintiff-Appellee, | D.C. No. 1:12-cv-00465-CWD |
| v. | |
| BILL COPELAND, Police Officer, City of Fruitland Police Department, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| CITY OF FRUITLAND; CITY OF FRUITLAND POLICE DEPARTMENT, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Argued and Submitted September 2, 2016
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: HAWKINS, McKEOWN, and DAVIS,[**] Circuit Judges.

City of Fruitland Police Department officer Bill Copeland appeals the district court's denial of his motion for summary judgment based on qualified immunity in this 42 U.S.C. § 1983 action brought by Jamee Wade. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

We review de novo an order denying summary judgment based on qualified immunity. *Glenn v. Wash. Cty.*, 673 F.3d 864, 870 (9th Cir. 2011). When a defendant asserts a qualified immunity defense on an excessive force claim, we inquire "into the objective reasonableness of the officer's belief in the *necessity* of his actions, and there is no Fourth Amendment violation if the officer can satisfy this standard." *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003). The court also must ask "whether the actions alleged violate a clearly established constitutional right, where clearly established means that it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted*." *Id.* (citation and internal quotation marks omitted).

---

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

The district court properly denied summary judgment as to the first shooting. There is a genuine issue of material fact as to whether Copeland's shooting of Wade was objectively reasonable, since there is evidence that Wade had his hands up when he was shot. It violates clearly established Supreme Court law to "seize an unarmed, nondangerous suspect by shooting him dead." *Torres v. City of Madera*, 648 F.3d 1119, 1128 (9th Cir. 2011) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)).

However, Copeland was entitled to qualified immunity as to the second shooting. Copeland's belief that his use of force was legal and that he faced serious risk of harm was objectively reasonable. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Video evidence shows that despite having been shot once already, Wade was advancing quickly towards Copeland and was very near Copeland at the time of the shooting. It is also uncontroverted that Copeland knew that Wade had called the police the night before, seeking to have a SWAT team sent to his house so he could fight with officers.

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.